**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAWRENCE WILLIAMS,

    Defendant-Appellant.

No. 99-1451
(D. Colo.)
(D.Ct. No. 99-M-118)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Lawrence Williams, a federal inmate appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision dismissing his motion filed pursuant to 28 U.S.C. § 2255, in which he claimed ineffective assistance of counsel. We deny Mr. Williams' request for a certificate of appealabilty and dismiss his appeal.

The facts surrounding Mr. Williams' arrest are outlined in *United States v. Williams*, 127 F.3d 1110, 1997 WL 642076, at *1-2 (10th Cir. Oct. 17, 1997) (unpublished opinion). A jury convicted Mr. Williams of conspiracy to distribute cocaine and for possession and distribution of cocaine. *Id.* at 1-2. The trial court sentenced him to 360-month and 240-month sentences, to run concurrently. *Id.* at 1. We affirmed his conviction on direct appeal. *Id.* at 6.

Mr. Williams then filed his § 2255 motion raising several issues related to claims of ineffective assistance of counsel. The district court addressed and rejected each of Mr. Williams' arguments supporting these issues. First, the district court rejected Mr. Williams' assertion his attorney acted ineffectively by failing to object to the testimony of informants and witnesses who benefitted from their inculpatory disclosures against Mr. Williams. The district court correctly held *United States v. Singleton*, 165 F.3d 1297 (10th Cir.), *cert. denied*, 119 S. Ct.

2371 (1999), disposed of this issue.[1] Next, the district court addressed Mr. Williams' claim his counsel failed to raise the defense of "sentencing entrapment" and various objections concerning the calculation of his sentence under the United States Sentencing Guidelines. The district court determined Mr. Williams' attorney raised and this court disposed of many of these issues on direct appeal. As to other sentencing issues not raised on direct appeal, the district court determined Mr. Williams' counsel's failure to raise them on appeal did not constitute ineffective assistance of counsel.

The district court also rejected Mr. Williams' claim insufficient evidence existed to support his conviction for conspiracy, noting both the district court and this Court previously determined sufficient evidence supported Mr. Williams' conviction. Finally, the district court determined Mr. Williams' claim his counsel acted ineffectively in not moving to dismiss his indictment for lack of jurisdiction constituted "a frivolous argument."

On appeal, Mr. Williams raises the same issues addressed by the district

---

[1] In *Singleton*, we determined the government did not act improperly, but rather followed longstanding common law practice, in allowing witnesses to testify under plea bargains promising a reduced sentence. 165 F.3d at 1301.

court. In addition, Mr. Williams raises for the first time on appeal a claim of ineffective assistance of counsel for failure to request a downward departure for outrageous government misconduct and "sentencing factor manipulation." Mr. Williams also suggests the district court erred in not conducting an evidentiary hearing on his § 2255 motion.

Mr. Williams' ineffective assistance of counsel claims involve mixed questions of law and fact which we review *de novo*. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). For Mr. Williams to succeed on these claims, he must show his attorney's "'representation fell below an objective standard of reasonableness,'" and his attorney's deficient performance prejudiced him. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

Applying these standards, and having reviewed the record, we fully agree with the district court's analysis of Mr. Williams' ineffective assistance of counsel claims and determination those claims must fail. However, because the district court determined, but did not specifically address, three issues concerning Mr. Williams' sentences, we feel compelled to provide further analysis. Specifically, in his §2255 motion, Mr. Williams claimed his attorney failed to: raise the issue of "sentencing entrapment"; object to a two-point sentencing

enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in furtherance of his criminal activity; or challenge another two-point enhancement under § 3B1.1 for a "leadership role" in a conspiracy to distribute cocaine. In response, the district court simply determined Mr. Williams' attorney's failure to raise these objections on appeal did not constitute ineffective assistance of counsel. We agree, but provide the following explanation for supporting such a determination.

First, after fully reviewing the record in this case and the facts supporting Mr. Williams' conviction and sentence, we cannot find any circumstances supporting his claim counsel should have raised the issue of "sentencing entrapment." Next, concerning Mr. Williams' leadership role enhancement, a review of the facts makes it clear Mr. Williams organized the crack cocaine distribution conspiracy involving five or more individuals, maintained a leadership role in running the conspiracy's operation, sought to open crack houses for the purpose of selling crack cocaine associated with the conspiracy, and solicited others involved in the conspiracy to sell crack cocaine. *Williams,* at *1-3. Thus, Mr. Williams' activities clearly rose to those of a leadership role. *See* U.S.S.G. § 3B1.1. Finally, as to the two-point sentence enhancement for possession of a firearm in furtherance of a criminal activity, Mr. Williams'

counsel did raise this issue in his objection to the presentencing report and during sentencing, but he did not raise it again on direct appeal. A review of the record shows two co-defendants testified Mr. Williams carried a firearm during the sale of crack cocaine for which, in part, he received his conviction. In light of these circumstances, we agree with the district court in its holding Mr. Williams' attorney did not act ineffectively in not raising this or the other sentencing issues on direct appeal.

As to Mr. Williams' conclusory assertion his attorney acted ineffectively by not objecting to alleged outrageous government conduct and "sentencing factor manipulation,"[2] we will not ordinarily consider arguments raised for the first time on appeal, *see United States v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991), nor address conclusory and unsupported allegations. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). Similarly, Mr. Williams fails to present us with any reason why the district court erred in not conducting an evidentiary hearing on his § 2255 motion.

---

[2] Mr. Williams incorrectly suggests he raised this issue before the district court. He does so simply by repeating a number of seemingly unrelated or general allegations previously raised in his § 2255 motion.

In sum, Mr. Williams fails to show his attorney's representation fell below an objective standard of reasonableness, or even if it did, that his attorney's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687-88. In order for Mr. Williams to obtain a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He fails to do so.

For these, and substantially the same reasons articulated in the district court's August 31, 1999 Order of Dismissal, we deny Mr. Williams' request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge